## WILLIAM P. SIMPSON VS. J. M. McGLATHERY.

1. VENDOR'S LIEN: *Assignee of note. Escrow. Deed presented or tendered. Necessary party. Case in judgment.*

C. sold lands to S., executed title bond, took notes for the purchase money. C. assigned the notes to M., and to facilitate, and insure collection, executed a deed conveying the land to S., but delivered it to M., to be deliverd to S. on payment of the notes. The notes matured, M. tendered the deed to S., demanded payment, failed to receive it, and filed his bill for specific performance. A demurrer was interposed because the vendor, C., was not made a party. *Held,* that the general rule is that a deed delivered as an escrow does not take effect so as to divest or invest title until its second delivery, but that the second delivery derives all of its force from the first, of which it is the full execution and consummation. If equity requires it the second delivery will be made to relate back to the first, so as to protect the grantee against intervening claims; and that as neither the death or future disability of the grantor, nor intervening claims against him, would affect the rights of the parties, C., the vendor, was not a necessary party.

APPEAL from the Chancery Court of *Noxubee* County.

Hon. J. J. DENNIS, Chancellor.

The opinion of the court contains a very full statement of the material facts in the case.

The error assigned is the overruling of defendant's demurrer to the bill.

*Jarnigan & Rives,* for appellant:

We submit that J. A. Campbell is a necessary party, complainant or defendant, to the bill filed in this cause, to enforce the collection of the note given for the purchase money in the hands of the assignee. Turner *v.* Hicks, 4 S. &. M., 294; Pitts *v.* Parker, 44 Miss., 247; Robinson *v.* Harbour, 42 ib., 795; Mitchell *v.* Shell, 49 ib., 118; 50 ib., 117.

We submit that the demurrer should have been sustained.

*Foote & Foote,* for appellee:

There was no error in overruling the demurrer to the bill. Campbell, the vendor, at the time the suit was commenced, had no interest in the land or in the result of this litigation, and he was not a necessary party to the suit. The court say, in the case cited (4 S. & M.), it *might* be necessary in some

cases to make the assignee a party. In the case cited in 6 How. there was no lien, the vendor having taken other security. The two cases cited in 42 and 44 Miss. only held that the transfer did not carry the vendor's lien, but springs up again in the vendor upon being returned. In the case in 49 Miss. the administrator was sued, leaving out the heirs of the vendee. In 50 Miss. (cited) it was held that the administrator could not tender a deed unless the heirs of the intestate should execute it, etc. But in the case at bar the vendor is not a necessary party.

CHALMERS, J., delivered the opinion of the court.

One Campbell sold certain lands to Simpson, delivering bond for title and receiving notes for the purchase money. These notes he transferred for value to McGlathery, and, in order to facilitate and insure the collection, executed and acknowledged a deed conveying title to his vendee, but delivered it to the assignee of the notes, to be held as an escrow until payment of the notes.

The notes falling due, McGlathery tendered the deed, demanded payment of the notes, and, upon failure to receive it, filed this bill to subject the land.

Demurrer was interposed because the vendor, Campbell, was not made a party, and this presents the only question in the case. The point is not free from doubt, but we think that the vendor of the land was not a necessary party. The general rule undoubtedly is that a deed delivered as an escrow does not take effect so as to divest or invest title until its second delivery, but it is equally well settled that the second delivery derives all of its force from the first, of which it is the full execution and consummation. If, therefore, justice and equity require it, the second delivery will be made to relate back to the first, so as properly to protect the rights of the grantee against intervening claims. Thus it was held in Whitfield v. Harris, 48 Miss., 710, that the rights of the grantee were superior to those accruing from a judgment rendered against

the grantor after the first, and before the second, delivery. It is also well settled that the death or disability of the grantor, occurring after the first delivery, will not avoid the deed. As, for instance, if a *feme sole* deliver a deed as an escrow, and become a *feme covert* before the happening of the contingency upon which it is to be absolutely delivered, her marriage will not render necessary the execution of a second deed, in which her husband shall join. So, also, if a man die or become *non compos mentis* before the occurrence of the event upon which his escrow is to be delivered as an absolute deed, it is nevertheless delivered, and will be held to pass the title from the time of the first execution. 3 Washb. on Real Property, 272, 273, and cases there cited. Frost *v.* Beekman, 1 Johns. Ch., 288; Wheelwright *v.* Wheelwright, 2 Mass., 446; Foster *v.* Mansfield, 3 Metc., 412.

Since, therefore, neither the death or future disability of the grantor, nor intervening claims against him, would affect the rights of the parties, we can see no good reason for holding him a necessary party in the case at bar.

It will be remembered that the case stands on demurrer, and our decision is predicated upon this state of the pleadings. We will not say that facts may not be set up by plea or answer that might render the grantor a necessary party, nor that under some circumstances he could not, upon his own petition, be admitted as a defendant.

The decree overruling the demurrer is affirmed, and the cause remanded with leave to the defendant to answer in sixty days, or within such further time as the chancellor may deem proper.