# SOUTHERN DEPARTMENT—CENTRAL DIVISION. JANUARY TERM, 1896.

### A. J. BATTERTON *et al.* v. G. W. SMITH.

#### NO. 6.

1. WARRANTY DEED—*Notice of Defective Title.* A grantor in a warranty deed is bound by his covenant of warranty, and his grantee can rely upon it, even though he knew the title to the premises conveyed was defective.

2. VENDOR AND VENDEE—*Equities.* The equities of a land trade, which furnish the consideration for a note sued upon, if in the case, must be settled by the jury and the trial court.

MEMORANDUM.—Error from Greenwood district court; C. A. LELAND, judge. Action by G. W. Smith against A. J. and Alonzo Batterton to recover on a promissory note. Judgment for plaintiff. Defendants bring the case to this court. Affirmed. The opinion herein, filed January 11, 1896, states the material facts.

*R. P. Kelley,* for plaintiffs in error.

*Kirkpatrick & Willits,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: This is an action brought in the district court of Greenwood county, Kansas, by G. W. Smith against A. J. and Alonzo Batterton upon a promissory note of $2,948, drawing 8 per cent. interest from date, executed by said Battertons on March 1, 1886, in favor of said Smith. The facts, briefly stated, are as follows: About September, 1885, Smith traded to the Battertons a farm in Greenwood county

for a farm in Arkansas.   The Greenwood county farm
had a mortgage of $7,000 and one of $700 on it, and
the Battertons gave to Smith their promissory note.
for $3,448 as the amount they had agreed upon as the
difference in the value of the two farms.   On March
1, 1886, at the request of Smith and his son-in-law,
Fancher, this note was canceled and two others were
given in its stead—the one sued upon, and one of $500,
payable to Mary G. Fancher, wife of said Fancher.
Said Smith and his wife conveyed the farm in Green-
wood county to the Battertons by a deed of general
warranty, subject to the $7,700 above mentioned.   The
title to the land was in William Zimmerman, but
Smith was in possession and delivered to the Batter-
tons his possession.   The Battertons paid said Zim-
merman $450 for a deed from him to perfect the title,
and paid out various other sums as attorneys' fees
and expenses in perfecting said title, and made sev-
eral small payments to Smith, which were to have
been credited on said note.   The jury returned a ver-
dict of $1,930.30, and judgment was rendered for that
amount.   The defendants excepted and bring the case
here for review.

The first error complained of by plaintiffs in error
is in the court sustaining an objection to the follow-
ing question asked Mr. Batterton :

"Ques.   What recommendation had Mr. Smith
made with reference to the title at that time?"   [Ob-
jected to as incompetent, irrelevant, and immaterial,
and not proper rebuttal.]

The court said :

"The objection is sustained on the ground that the
court will instruct the jury that the testimony offered
by the plaintiff of the knowledge on the part of the
defendants of the defects of the title for the purposes
of this case are immaterial and incompetent and shall

have no weight with the jury, and with that view of the case, the testimony now offered not being rebuttal, the objection is sustained."

The instruction was given and the ruling is correct. Smith was bound by his covenant of warranty, and the Battertons could rely upon it, whether they did or did not know of the defect in title. The plaintiffs in error contend that as Smith, Fancher and Jewett had testified to the Battertons having knowledge of the condition of the title, it must have had great weight with the jury in determining whether interest should be paid on the notes prior to perfecting the title. The error, then, was in admitting the evidence of said Smith, Fancher, and Jewett, which was not excepted to.

The second assignment of error relates to the consideration for the note. There is no evidence by which an entire failure of consideration can be sustained; on the contrary, the Battertons received all the consideration they were to receive by the terms of the trade, except the expenses and costs of perfecting the title. The question as to the equities of the trade was not in issue, and if it had been it must have been settled by the jury and the trial court. In this case the plaintiffs in error seem to have received even more than they were to have had by the terms of the contract at the time the notes were given. The note sued upon was for $2,948, and had run over 4½ years before judgment was rendered, and called for 8 per cent. interest from date, or a total of over $4,000. The judgment was for $1,930.30, or nearly $2,100 less than the note called for. The expense of perfecting the title was $450 paid to Zimmerman for the deed and coupon; the highest attorneys' fee testified to was $440, including attorneys' expenses; and the other payments and

expenses could not, by the evidence, have amounted to the $1,100 difference. The jury must have believed the claim of the Battertons that no interest was to be charged upon the note until the title was perfected. Taking this view of the case, the jury deducted at least $1,200 or $1,300 from the note for the costs and expenses in perfecting the title and the small payments that had been made. The instruction specially complained of reads as follows:

"6. You will therefore first determine the amount due on the note to this date, and then determine how much it cost the defendants to perfect the title, and the difference will be the amount of your verdict."

The jury are first instructed as to the claim that the note was not to draw interest until the title is perfected. The instruction complained of plainly tells the jury that they are first to determine the amount due on the note. In order to do this they must determine how much interest they allow. Then the jury are told to deduct the amount it cost to perfect the title. This is certainly the proper thing for them to do, and the instruction is correct. The record shows no exceptions to the instructions given, and we could not reverse the case if they were erroneous. The jury and the court were very liberal toward the plaintiffs in error, and we fail to discover why they come to this court.

The remaining assignments of error are argued largely upon the equities of the former land trade and not as to errors committed upon the trial of the case in the court below. The defendant in error calls our attention to several irregularities in the record, but it is unnecessary to pass upon them.

No error prejudicial to the substantial rights of the

plaintiffs in error appearing in the record, the judgment of the district court is affirmed.

All the Judges concurring.