ISAAC N. WATSON V. SABINA HEYN.

FILED JUNE 19, 1901.  No. 9,917.

Commissioner's opinion, Department No. 1.

Specific Performance: LIMITATION. Premises conveyed by warranty
deed were at the time in possession of a third party under a
verbal agreement of sale with a previous holder of the title.
By subsequent litigation with vendee's grantee, a specific en-
forcement of this agreement was decreed. *Held*, That vendee's
title failed at the time of the rendition of this decree, and the
statute of limitations did not begin to run against action on
the covenant of warranty till then.

ERROR from the district court for Douglas county. Tried
below before SLABAUGH, J.  *Affirmed.*

*Meikle & Gaines,* for plaintiff in error.

*Arthur C. Wakeley* and *Eleazer Wakeley, contra.*

HASTINGS, C.

The sole question in this case is as to the application
of the statute of limitations to the covenant of warranty
in a deed. It arises upon demurrer to the petition of de-
fendant in error, plaintiff below. The petition alleges that
on October 14, 1886, the defendant conveyed to plaintiff
certain property in Omaha, and that the deed contained a
warranty of title, to wit, "That the said Isaac N. Watson
would warrant and defend the title to said premises
against the lawful claims of all persons whomsoever"; that
in reliance upon the deed plaintiff paid for the property
$450; that on March 27, 1887, plaintiff, in consideration
of $950, conveyed the premises by deed of general warranty
to Albert F. Ohman; that defendant's title was derived
through one Richard C. Patterson, who on October 2, 1885,
had made a verbal agreement with Mary K. Lund to convey
the same premises with other lands to her, and she entered
into possession of them and made improvements thereon,
and on February 8, 1889, commenced suit against Patter-

son and Ohman, with others, to obtain a specific performance of her verbal agreement from Patterson for the conveyance of the premises, and on September 22, 1890, recovered a decree for a conveyance of them, and that if they were not so conveyed, the decree should have that effect; that on January 3, 1891, Ohman demanded the premises of Mary K. Lund, who refused to surrender them, and on May 15, 1891, he commenced suit against plaintiff on his warranty deed for the property, on the ground that his title had wholly failed; and July 18, 1892, he recovered judgment against plaintiff for $1,324.65 and costs, and November 9, 1894, that judgment was affirmed in this court and plaintiff was compelled to, and did, satisfy it in full on February 9, 1895; that the judgment and interest and costs amounted to $1,657.41, and plaintiff paid out for costs and legal expenses in said suit $311.54; that she had no knowledge of Mary Lund's title till just before the institution of this last action. She asks judgment in this action for her consideration money, $450, and interest and the expense so paid, $311.54.

The sole point raised by the demurrer is that on the face of the petition above recited the action is barred by the statute of limitations. It is conceded by plaintiff that the covenant against incumbrances was broken when made, and any action upon it barred in five years from the date of the deed. It is conceded that possession is not alleged to have ever been obtained under plaintiff's deed, and, therefore, the covenant for quiet enjoyment was broken from the beginning, or never in effect; but it is asserted, and the contention was sustained by the trial court, that the covenant for title and to warrant and defend it was not broken until the passage of the legal title to Mary K. Lund by virtue of the decree of September 22, 1890, and if that is true, then the action was begun within five years from that date, viz., on August 12, 1895. Defendant's contention is that the title of Mary K. Lund relates back to the commencement of her possession in 1885; was an outstanding title at the time of the conveyance, and the cove-

nant against it was broken when made. Defendant also claims that there has been no eviction, because no possession was ever acquired, and that, if eviction can be held to result from the failure to get possession, it must be held to date from the beginning of such failure. The case seems to turn, therefore, upon the effect which is to be given to the allegation of the petition that Mary K. Lund got possession of these premises in 1885 and has retained it ever since. If Mary K. Lund's possession is to have the effect of putting the statute of limitations in motion at once on the making of this deed as against the covenant for warranty of title, then, of course, it must amount to a breach of such warranty, and such, in effect, is the defendant's assertion. Plaintiff replies that the possession of Mary K. Lund was under a merely inchoate title; that whether or not it would ever ripen into a perfect and paramount title depended upon whether she, her representatives or assigns should make the required payments; that Watson's grantor, Patterson, was denying her right *in toto,* and that plaintiff had the right to wait until the issue of that litigation should be determined before giving up her title to the premises conveyed and seeking her remedy against the defendant Watson on the covenants of his deed. Could plaintiff have maintained her action on the covenant of warranty on the next day after this deed was made and have successfully asserted Mary K. Lund's possession at that time as a breach of the covenant of warranty? Of course, since Mary K. Lund prevailed in her contest with Patterson and Ohman, it must be assumed that when plaintiff's deed was made she had already placed valuable improvements upon the premises and had an inchoate title in them. It is, however, alleged, and the demurrer admits, that her payment for them was after the recovery of her decree on September 22, 1890. Of course, the covenant of seizin which was in this deed, was broken when made, if at all. The allegation of the petition with regard to covenants is the one quoted. It is certainly not in terms a covenant for seizin. The record, however, shows there was one in

the deed. Action on that covenant would lie as soon as plaintiff failed to get possession, and by tendering a reconveyance of the property she could have recovered the consideration paid. *Bowne v. Wolcott,* 48 N. W. Rep. [N. Dak.], 336; *Frazer v. Supervisors,* 74 Ill., 282; *Kincaid v. Brittain,* 5 Sneed [Tenn.], 119; *Resser v. Carney,* 52 Minn., 397; *Rombough v. Koons,* 6 Wash., 558. Was plaintiff compelled to resort to this method of proceeding? Could she not, instead of bringing action for failure of seizin, rely upon her warranty of title and the agreement to defend it? Would she not be entitled to the necessary costs and expenses of defending this title which defendant had conveyed to her? *Cheney v. Straube,* 35 Nebr., 521; *Walton v. Campbell,* 51 Nebr., 788. If plaintiff had the right to litigate the title and charge the expense to the defendant, if it failed, she could convey this right as she did, to Ohman and await the result of his litigation over this title, and, when it finally failed, bring action on the covenant of warranty for both the original consideration money and any costs and expenses which she had actually incurred during that litigation. It is true that in *Real v. Hollister,* 20 Nebr., 112, it is held that a clause of general warranty is equivalent to a covenant for quiet enjoyment, and there are many decisions holding that they have practically the same effect. But it is one thing, however, to say, as in *Real v. Hollister,* that the warranty of title has the effect of a covenant for quiet enjoyment and quite another to affirm that it has no other effect. In *Hartman v. Spencer,* 5 How. Pr. [N. Y.], 135, it is said that the covenant for quiet enjoyment has no application where possession has never been given. Can it be said that the covenant of warranty has none? The argument of plaintiff in error would make of this covenant in cases where possession is not given a mere covenant for seizin and confine the grantee to his damages on that covenant alone. In fact, this contention is expressly made on page 4 of his brief. It is not without support. *Kortz v. Carpenter,* 5 Johns. [N. Y.], 120. But the better holding is that the

covenant is to secure a legal entry as well as the enjoyment of land. *Caldwell v. Kirkpatrick,* 6 Ala., 60, 41 Am. Dec., 36 and note. If the holder is without right, his tortious possession is not a breach of the covenant of warranty nor for quiet possession. *Andrus v. St. Louis Smelting & Refining Co.,* 130 U. S., 643, 9 Sup. Ct. Rep.,645. Nor if the grantor has the right to convey does it make any difference that the holder is claiming adversely. *Pigeon River L. & I. Co. v. Mims,* 48 S. W. Rep. [Tenn.],385; *Voss v. Hoffman,* 40 S. W. Rep. [Tex.], 544. Watson had by his deed to plaintiff asserted that Mrs. Lund's possession was wrongful. He can not now come and say it was rightful. Nor can he shelter himself under any notice conveyed by Mrs. Lund's possession. A party knowing defects in title has the right to rely, nevertheless, upon the covenants of the deed. *Batterton v. Smith,* 3 Kan. App., 419, 43 Pac. Rep., 275; *Mizell v. Ruffin,* 118 N. Car., 69, 23 S. E. Rep., 927. By his deed defendant had expressly authorized her to claim title to these lots. As long as her grantee was asserting title to them, she could not be heard to claim damage for its failure. Therefore, her claim on the warranty did not mature till that litigation ended. Doubtless, plaintiff could have surrendered her claim of title and tendered a reconveyance to defendant, as above suggested, and so acquired a right of action for her purchase-money, and that would have set the statute of limitations in motion, and her claim would have been barred within five years after so doing, but she was under no obligations to take that course, and in waiting for Mary K. Lund's title to ripen into a complete one and an absolute bar against any recovery of possession under her deed from Watson, it is impossible to see how plaintiff was doing anything which she had not a right to do. In *Cheney v. Straube,* 35 Nebr., 521, it is expressly held that a party may either pay off the incumbrance or may wait until a mortgage ripens into a title and proceed upon the warranty after the eviction. Of course, the defendant gave the deed as an ex-

press authorization for the plaintiff's proceeding to possess herself of the property conveyed. The position which he takes now is that she had no right to attempt to assert her ownership; that her sole remedy was to at once abandon it and proceed against him, and that the statute of limitations ran against any claim on her part because she did not do so. It would be a strange inconsistency to hold that she might not take the direct and obvious course pointed out by her conveyance, viz., litigate the claim of Mary K. Lund and hold the defendant responsible for the result of such litigation. There seems no reason why the same necessity should not exist for a legal determination as to plaintiff's right of entry before she can proceed upon this covenant of warranty as would exist for a legal determination of her possession, if she had once obtained it, before she could sue upon the covenant. It is not, however, necessary in this case to resort to the doctrine of estoppel to prevent defendant from claiming that he had no title and that the eviction was *eo instante* on the giving of the deed. The conveyance vested in plaintiff the legal title. With that title goes the constructive possession. Mrs. Lund's holding was admittedly subordinate to that title, and so long as it remained so, must be held to rest the constructive possession in the legal owner. The acquisition of the legal estate by Mrs. Lund would work a transfer of such constructive possession, and so constructive eviction. Judge Ruffin, in *Grist v. Hodges,* 3 Dev. [N. Car.], 198, 200, while holding that if at the time of the conveyance the premises are held adversely by title paramount, there is an eviction *eo instante,* admits that this is not the case where some title passes and the vendee may choose to assert it. He also says that where the outstanding claim is a mere incumbrance, the vendee may wait till it ripens into a title and produces an eviction. Both justice and authority seem to require that the recovery of Mrs. Lund's decree, and the yielding to it, be held an eviction and to give a right of action on this deed.

It is recommended that the judgment be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons above given the judgment of the district court in this cause is

AFFIRMED.