(January 18, 1906.)

## WHITMER v. SCHENK.

[83 Pac. 775.]

OPTION TO PURCHASE MINING PROPERTY — FORFEITURE — RESULTING
TRUST.

1. Where B. executes a deed in favor of A. for certain mining
property and places it in escrow to be delivered to A. upon his pay-
ment to the holder of the escrow the purchase price to the credit
of the grantor within a specified time, and prior to the expiration
of the time in which such payment may be made B. sells and con-
veys the property to S., a third party, who has notice of the escrow
to A., and of the terms and conditions thereof, and A. fails and
neglects to make the payment due on the escrow, and makes no de-
mand for the escrow deed and makes no offer of payment either
to the grantor or holder of the escrow, and is not hindered or dis-
suaded from so doing by either B. or S., *held* that A. forfeited and
lost all his rights under the escrow, and that S. cannot be held
as trustee of a resulting trust for the use and benefit of A.

2. Upon fulfillment of the conditions of an escrow agreement
and the delivery of the deed to the grantee, the deed will relate
back to the date of making the escrow agreement for the purpose
of cutting off any intervening rights or equities acquired by a third
party who had notice of the terms and conditions of the escrow.

(Syllabus by the court.)

APPEAL from District Court in and for Blaine County,
Honorable Lyttleton Price, Judge.

Action by plaintiff to establish a resulting trust. Re-
spondent intervened in the court below asking to have a re-
sulting trust decreed in her favor against the defendant.
Judgment for intervener and against plaintiff and defend-
ant. Defendant appeals. Reversed.

The facts are stated in the opinion.

R. F. Buller, for Appellant.

A party alleging a resulting or implied trust must prove
clearly that the money belonged to him, and if the evidence
is merely parol, it will be received with great caution.
(*Lurch v. Lurch*, 10 Ves. Jr. 517; *Plass v. Plass*, 122 Cal. 3,

54 Pac. 372.) Trusts concerning real estate are of three
kinds. (2 Pomeroy's Equity Jurisprudence, sec. 1030 et
seq.) This transaction comes under no one of the three.
A latent ambiguity which is subject to be explained by parol
evidence must be so explained if it is ever to be known.
(*Balfour v. Fresno Canal etc. Co.*, 123 Cal. 395, 55 Pac.
1062.) The general rule in reference to the admissibility of
parol evidence to contradict or vary a written instrument
does not apply to a controversy to which a stranger is a
party. (*Smith v. Moynihan*, 44 Cal. 53-65.) As soon as
the deed was deposited in escrow, the bank had nothing more
to do with it. It was out of its power and delivered to all
intents and purposes whenever the condition was fulfilled.
(*Millett v. Parker*, 2 Met. (Ky.) 608-616; *Shirley v. Ayres*,
14 Ohio, 308, 45 Am. Dec. 546.)

McFadden & Brodhead and R. M. Angel, for Respondent
Mary E. Angel.

The company had notice of the escrow from the bank to
Angel. As a general rule, an officer or director of a corpora-
tion is chargeable with knowledge of all matters relating to
the affairs of the corporation which he actually knows or
which it is his duty to know. (21 Ency. of Law, p. 896.)
Schenk knew of the deed in escrow and he was bound in
law to know the terms thereof. (*Cannon v. Hanley*, 72 Cal.
133, 13 Pac. 315.) Where on a transfer of real property
to one person the consideration is paid for another, a trust
results in favor of the person for whom the consideration is
paid, and it is not necessary that the consideration should
have been paid by him. (*Barroilhet v. Anspacher*, 68 Cal.
116, 8 Pac. 804.) One who takes title to real estate pur-
chased with the funds of another and for the benefit of the
latter, holds as trustee and parol evidence is admissible to
establish such trust. (*Branstetter v. Mann*, 6 Idaho, 580, 57
Pac. 433.) "If land is purchased in the name of one person,
but the consideration is paid by another, such land, though
conveyed to the former, will be held by him in trust for the

latter." (10 Am. & Eng. Ency. of Law, 8, 9, 11, 12, 25, 26, and notes and cases cited.)

AILSHIE, J.—In December, 1901, the plaintiff, David Whitmer and Texas Angel, now deceased, entered into an agreement with one W. C. Picking, whereby they contracted and agreed to sell him the First and Second West Extension claims to the Queen of the Hills lode mining claim, for the consideration of $35,000, to be paid on or before December 4, 1903. Picking thereafter assigned his interest in this contract to the Bellevue Mining and Reduction Company. At the time of this transaction the First National Bank of Hailey owned an undivided one-third interest in the First West Extension and a one-half interest in the Second West Extension for which Angel had previously secured a deed to be executed by the bank and placed in escrow with the E. E. Stewart Hardware Company of Hailey, to be delivered to Angel upon the payment by him to the holder of the escrow on or before December 4, 1901, the sum of $2,500 to the credit of the bank. On June 27, 1901, in consideration of the performance of certain assessment work, the bank agreed with Angel to extend the escrow agreement to July 1, 1902. On June 12, 1902, Angel paid the bank the sum of $750 on this escrow agreement for which the bank issued its receipt, in which it was recited that "in consideration of which [the payment and assessment work] the option heretofore given on such extension is hereby extended for one year subject to all the conditions therein contained." No further payment was ever made, offered or tendered by Angel or on his account under this agreement. The Bellevue Mining and Reduction Company continued to work and develop the property and expended something upward of $10,000, and finally in the month of June, 1903, quit work and abandoned the property and apparently forfeited their option. About this time the appellant Schenk, who was secretary of the Bellevue Mining and Reduction Company, came to Idaho and after looking over the situation and conferring with Whitmer, and being advised that the company refused to put

up any more money for the purchase of the property or development thereof, concluded that he would individually negotiate with the bank with a view to the purchase of its interest in the property in the hope that he might eventually save what he had invested in the enterprise. He accordingly engaged Whitmer to negotiate with the bank, and on the twenty-sixth day of June, 1903, the bank made, executed and delivered a deed to Whitmer in favor of Schenk for all its interest in the First and Second West Extension claims for and in consideration of the sum of $1,750.

This suit was commenced in the lower court by Whitmer to obtain a conveyance from Schenk to the plaintiff of all the interest conveyed by the bank on the theory that the purchase price paid should have been credited on the option from Whitmer and Angel and that the title received thereunder should inure to the benefit of the plaintiff. The administratrix of Angel's estate intervened and alleged that the $750 previously paid by Angel to the bank on his escrow agreement was a part of the purchase price paid for the bank's interest in these claims, and that Schenk should be held as a trustee for the estate to the extent of 750-2500 interest in the property. The court found against the plaintiff Whitmer and the defendant Schenk, and in favor of the intervener, and decreed that defendant holds a 750-2500 interest in the property as trustee for the Angel estate. It has been argued that the last extension granted by the bank on Angel's option had expired at the time the bank deeded the property to the appellant. This extension was made on June 12, 1903, and recites that the option is "hereby extended for one year." The appellant contends that the one year was to run from June 12th, and introduced considerable oral evidence to that effect. In fact all the evidence in the case was to that effect, unless it be said that the writing itself contradicts such evidence. The respondent contends that since the option didn't expire until July 1, 1902, and the extension was granted for one year, that it was intended that the year should run from the date on which the option would have expired instead of the date on which the extension was made. The court found,

however, that the extension was to run one year from July 1, 1902, and that the option did not expire until July 1, 1903. The respondent contends in this court that Angel's option had not expired at the time the bank deeded this property to Schenk, and that therefore Schenk must be considered in law to have taken up the option in the interest of and for the use and benefit of Angel, and that Angel's equity in the property was therefore saved and preserved to the extent of $750, which he had previously paid thereon. It is admitted that appellant had notice of the escrow agreement which was in the hands of the E. E. Stewart Hardware Company, and that any purchase he made was with notice of the existence, terms and conditions thereof. It clearly appears from the evidence that both the bank and Schenk at least understood and believed that the option to Angel had expired on the 12th of June and prior to the execution of the deed to Schenk. As we view the case, however, it is unnecessary for us to consider or discuss but one point involved. The question upon which we rest our decision and which is decisive of this case is this: Angel allowed his option to lapse and become forfeited without offering or attempting to make payment or comply with the escrow agreement. Neither does it appear that he either knew of or relied on the conveyance to Schenk. He never offered to pay the holders of the escrow agreement the balance due either before or after the time it became due. He was in no wise hindered, dissuaded or deceived by the sale to Schenk or the action of the bank. Schenk had notice of the option to Angel, and if it did not in fact expire until July 1st, then Angel could not have been in any manner injured or prejudiced by a prior sale to a purchaser with notice. A payment to the holder of the escrow in accordance with the requirements thereof, and within the time allowed would have entitled Angel to the deed, and this deed, after its delivery, would have related back to its execution for the purpose of cutting off any and all intervening rights acquired by a third party with notice of the existence and terms of the escrow. (*McDonald v. Huff*, 77 Cal. 279, 19 Pac. 499.) Angel having failed to comply or offer to comply with the terms of

the option or escrow agreement, and this without any fault of
the grantor or the appellant herein, all his rights and priv-
ileges thereunder lapsed.    The appellant did not stand in any
relation of trust or confidence toward Angel and was under
no duty to share with him in the fruits of this purchase.
The fact that Schenk secured the property from the bank
for a less price than Angel had agreed to pay for it cannot
affect either the legal or equitable rights of the parties in
this suit.    Angel's contract was an entirety.    He was in no
position to acquire a part interest to the bank's title nor an
equity thereto without making a full payment.    He was not
prevented from making full payment therefor either by the
conduct of the bank or the appellant to whom the bank sold,
nor did the conduct of either the bank or appellant make it
impossible or any more difficult for him to acquire a perfect
title thereto.

The judgment is reversed and the cause remanded with
directions to the trial court to make findings and enter judg-
ment in accordance with the views herein expressed.    Costs
awarded to appellant.

Sullivan, J., concurs.

Stockslager, C. J., sat at the hearing, but took no part in
the decision.