### FRANCIS v. FRANCIS.

1. ESCROWS—CONDITIONS—PERFORMANCE—VESTING OF TITLE.
   Performance of the conditions upon which a deed is delivered in escrow vests title in the grantee.

2. SAME—CONDITIONS—ASCERTAINMENT — MEMORANDUM OF CUSTO-DIAN.
   The memorandum made by the custodian of a deed placed in escrow is not conclusive of the terms upon which it was deposited.

Appeal from Bay; Shepard, J. Submitted January 5, 1906. (Docket No. 27.) Decided March 5, 1906.

Bill by Hugh Francis against Edward Francis to set aside a deed and for an accounting. From a decree dismissing the bill, complainant appeals. Affirmed.

*Isaac A. Gilbert,* for complainant.
*Luther G. Beckwith,* for defendant.

MONTGOMERY, J. James Francis, of Bay county, Michigan, brother of the complainant and defendant, died February 12, 1901, intestate, leaving an estate of real and

personal property of upwards of $5,000. His heirs at law were a widow, one sister and three brothers, viz., Della Francis, widow, Mary J. Bouchier, sister, Edward Francis, William Francis, and Hugh Francis, brothers. Included in his estate was a farm of 90 acres valued at from $4,000 to $4,500. After the death of James Francis, William Francis and Mary Bouchier conveyed their interest in the land to Edward Francis, and Della Francis, the widow, conveyed her interest to Edward Francis and Hugh Francis jointly, thus leaving Hugh and Edward Francis the sole owners of the farm. An agreement was had by which Hugh Francis should convey his interest to Edward Francis for $400. A deed was executed at Bay City, Michigan, but not delivered; it was afterwards left as a deposit by Hugh Francis with a banker at Reese, Michigan, with the following indorsement made by Mr. Richardson, the banker and holder of the deed: "To be recorded and delivered when Hugh Francis so advises."

There is a dispute as to whether the defendant was entitled to deduct from the $400 consideration an amount which he had paid in excess of his share of the purchase of the other interests. There was also a sharp dispute as to the terms upon which the deposit of the deed with Richardson was made. The defendant claiming that he had fully performed the conditions upon which the deed was left in escrow brought replevin to recover the deed. Complainant thereupon filed this bill setting out that—

"Soon thereafter negotiations were again had between said Edward Francis and your orator by which your orator did purchase from said Edward Francis a property known as the 'Tuscany Farm,' paying therefor the sum of $600 as follows: Four horses valued at $400, and $200 further to be allowed to said Edward Francis as part payment of the purchase price of the property mentioned and described in Exhibit A hereto annexed."

Said Exhibit A being the deed from Hugh to Edward of all Hugh's interest in the James Francis estate lands. The bill continues:

"The said deed, Exhibit A, to be deposited with one Fred J. Richardson, banker at Reese, to be kept by him and to be delivered to said Edward Francis when the balance due thereon was paid to your orator and a settlement of all matters was had between said Edward Francis and your orator."

On a hearing the circuit judge found the facts as claimed by the defendant, and dismissed the bill of complaint.

If the deed was delivered in escrow, and the conditions upon which it was delivered fully performed, the title was vested in defendant. 11 Am. & Eng. Enc. Law (2d Ed.), p. 345. The memorandum made by the custodian is not conclusive of the terms upon which the deed was deposited. *Skinner* v. *Kelley*, 138 Mich. 134. Nor does the bill of complaint leave in doubt what the testimony makes still more clear, viz., that the deed was deposited with Richardson to be delivered to defendant upon the performance of some conditions. The circuit judge so found and was apparently convinced that the full consideration for the deed was paid by a conveyance of the Tuscany farm so called and by the check for $32, and that the only remaining condition—i. e., the release of complainant from a suretyship on a note of defendant—had been performed. This conclusion is justified by evidence of the most convincing character.

The decree is affirmed.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.