## McMURTREY v. BRIDGES.

No. 3002. Opinion Filed December 23, 1913.

(137 Pac. 721.)

1. ESCROWS—Time When Deed Takes Effect—Delivery. A deed of conveyance of real estate placed in escrow when made and duly delivered to the grantee at a subsequent date, when there has been compliance with the conditions of the escrow agreement, will ordinarily take effect at the time of such final delivery, and not before.

2. SAME — Warranty Against Taxes — Construction. A warranty against taxes "at time of delivery," in deed conveying real estate, refers to and so warrants at time of final and due delivery from escrow, in which deed had been placed when made.

3. SAME—Action by Grantee—Right of Recovery. A petition by a grantee, in deed warranting land conveyed against taxes at the time of its delivery, to recover from the grantor the amount of taxes which became due and a lien upon the land between the time the deed was made and placed in escrow and the time

it was duly delivered therefrom, the petitioner having paid such taxes after final delivery of the deed to him, is not insufficient merely because such taxes had not become due nor a lien upon the land when said deed was made and placed in escrow.

(Syllabus by Thacker, C.)

*Error from County Court, Alfalfa County;*
*F. M. Gustin, Judge.*

Action by Frank McMurtrey against John F. Bridges. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

*Titus & Carpenter,* for plaintiff in error.

*Talbot & Owen,* for defendant in error.

Opinion by THACKER, C.   The position of the parties, in respect to their descriptive titles, remains the same as in the trial court.

Plaintiff in effect alleged that on August 7, 1909, he contracted to purchase a certain tract of land of defendant; that at the same time defendant, in accord with said contract, executed and put in escrow, for final delivery to plaintiff on January 1, 1910, upon condition of performance of certain obligations by plaintiff in respect to the purchase price, a deed to said land, with usual covenants of warranty, and including a warranty against all charges, taxes, assessments, and incumbrances "at time of delivery"; that on January 3, 1910, the first day of the month being a legal holiday and the second being Sunday, plaintiff had fully performed his obligations under said contract and, being entitled thereto, received delivery of said deed from the depositary; but at that time there was a tax charge of $49.57, which had incumbered said land since October 15, 1909, standing unpaid against it, and which, defendant having failed to pay, plaintiff was compelled to and did pay; and, defendant having failed and refused to reimburse plaintiff after notice to do so, plaintiff seeks to recover this sum of him.

Defendant has failed to file any brief; and, as no other ground is apparent at first blush, we will assume the demurrer was sustained upon the grounds indicated in plaintiff's brief, to

wit: (1) That when the deed was finally delivered on January 3, 1910, it related back and operated as a conveyance to plaintiff on and from August 7, 1909, so as to limit said warranty to that date as the "time of delivery"; and (2) that liability is imposed upon the plaintiff by section 18, art. 10, c. 38, Session Laws of 1909, which reads as follows:

"That as between grantor and grantee of any land where there is no express agreement as to who shall pay the taxes that may be asserted thereon, taxes on any real estate shall become a lien on such real estate on the 15th day of October of each year, between the 1st day of March and the 15th day of October next following, the grantee [*grantor*] shall pay the same, but if conveyed between the 15th day of October and the 1st day of March the grantee shall pay the same."

The general rule is that a deed held in escrow takes effect and operates as a conveyance at the time and after it is or should be delivered to the grantee; and, while the doctrine of relation, which gives a deed effect as a conveyance when and after it is put in escrow, will be applied to effect the otherwise apparent intent of the parties, or to prevent injustice, this doctrine cannot be invoked to create or discharge a liability having no other foundation. *Davis v. Clark,* 58 Kan. 100, 48 Pac. 563; 2 Page on Contracts, sec. 587; *Powers v. Rude,* 14 Okla. 381, 79 Pac. 89; *Pomeroy v. Insurance Co.,* 86 Kan. 214, 120 Pac. 344, 38 L. R. A. (N. S.) 142, Ann. Cas. 1913C, 170; *State Bank v. Evans,* 15 N. J. Law, 155, 28 Am. Dec. 400; *White Star Line Steamship Co. v. Moragne,* 91 Ala. 610, 8 South. 867; Tiedeman on Real Property, sec. 800; 2 Wait's Actions and Defenses, 495; *May v. Emerson,* 52 Ore. 262, 96 Pac. 454, 1065, 16 Ann. Cas. 1129; 1 Devlin, Deeds, sec. 328; *Prutsman v. Baker,* 30 Wis. 644, 11 Am. Rep. 592; 4 Kent's Com. 454; *Rathmell v. Shirley,* 60 Ohio St. 187, 53 N. E. 1098; *Seibel v. Higham,* 216 Mo. 121, 115 S. W. 987, 129 Am. St. Rep. 502; *Green v. Putman,* 1 Barb. (N. Y.) 500; *Andrews v. Farnham,* 29 Minn. 246, 13 N. W. 161; *Ketterson v. Inscho,* 55 Tex. Civ. App. 150, 118 S. W. 626; *Naylor v. Stene,* 96 Minn. 57, 104 N. W. 685; *Sparrow v. Smith,* 5 Conn. 113; *Lindley v. Groff,* 37 Minn. 338, 34 N. W. 26; *Anderson v. United Realty Co.,* 29 Ohio Cir. Ct. R. 267;

*Foxley v. Rich et al.,* 35 Utah, 162, 99 Pac. 666; *Whitfield v. Harris,* 48 Miss. 710; *Bither v. Christensen,* 1 Cal. App. 90, 81 Pac. 670; *Price v. Pittsburg, Ft. W. & C. R. Co.,* 34 Ill. 13; *Craddock v. Barnes,* 142 N. C. 89, 54 S. E. 1003; *Whitmer v. Schenk,* 11 Idaho, 702, 83 Pac. 775; *Stephens v. Rinehart,* 72 Pa. 434; *Simpson v. McGlathery,* 52 Miss. 723; *Shirley Lessees v. Ayres,* 14 Ohio, 307, 45 Am. Dec. 546; *Hunter Realty Co. v. Spenser,* 21 Okla. 155, 95 Pac. 757, 17 L. R. A. (N. S.) 622; *Knapp v. Nelson,* 41 Colo. 447, 92 Pac. 912; *Francis v. Francis,* 143 Mich. 300, 106 N. W. 864; *Baker v. Snavely,* 84 Kan. 179, 114 Pac. 370; *Scott v. Stone,* 72 Kan. 545, 84 Pac. 117; *Batterton v. Smith,* 3 Kan. App. 419, 43 Pac. 275; *Joiner v. Ardmore Loan & Trust Co.,* 33 Okla. 266, 124 Pac. 1073.

By express contract, embodied in the warranty clause mentioned, the defendant was bound to pay this tax charge; and the section of the statute quoted *supra* is inapplicable.

We are therefore of opinion that this case should be reversed and remanded, with instructions to the trial court to overrule the demurrer and otherwise proceed in accord with the views expressed in this opinion.

By the Court: It is so ordered.