ELIZA B. DAGGETT & another *vs.* SILAS DAGGETT.

Dukes County.    Oct. 26, 1886. — Feb. 23, 1887.    DEVENS & W. ALLEN, JJ., absent.

At the trial of a writ of entry, brought in 1885, by A. and B., it appeared that the demandants were the heirs of C., who in 1872 made a deed of the land in question to the tenant, and died intestate in 1874; that the tenant, upon the execution of the deed, entered into possession of the land and built a house thereon, without objection on the part of C., and remained in possession afterwards; and that he paid nothing for the land. The demandant A., a woman, testified that C. delivered the deed to her, and told her to keep it until she and the tenant were married, or until the tenant sold the land, when he was to pay her the amount named as the consideration; and that after this, on the tenant's promising not to have the deed recorded, she let him have it to keep among his papers. The tenant testified that C. delivered the deed to him without condition, and that A. got possession of it without his consent, and he then got it from her. It further appeared that the deed was recorded in 1874; that in 1876 the tenant brought an action of replevin against A. to recover possession of the deed and other personal property, and recovered judgment; and that the tenant and A. were never married. *Held*, that there was sufficient evidence to warrant the jury in finding that the deed was delivered to A. in escrow; that no title passed to the tenant by the subsequent delivery of it to him, even if such delivery was voluntary on the part of A.; and that A. was not estopped, by the judgment in the action of replevin, to prosecute the present action.

WRIT OF ENTRY, dated December 18, 1885, by Eliza B. Daggett and Henry W. Daggett, to recover a parcel of land in

Tisbury.  Plea, *nul disseisin.*  Trial in the Superior Court, before *Rockwell,* J., who allowed a bill of exceptions, in substance as follows:

The demandants are the heirs of Timothy Daggett, who died intestate in August, 1874.  Timothy Daggett formerly owned the premises in question ; and the tenant claimed title under a deed executed to him by said Timothy.  The consideration named in the deed was $300.  It was dated and acknowledged on April 23, 1872, and was recorded on July 20, 1874.  The tenant, upon the execution of said deed, entered into possession of said premises, and improved the same by building a cottage thereon, and has been in possession since the date of the deed until the present time.  This entry and possession were with the knowledge and without the objection of Timothy; and the tenant testified that they were with his consent.

The demandants contended that the deed had never been delivered except in escrow.  Eliza B. Daggett, the only one of the demandants who was called as a witness, testified that on the occasion of the making of the deed she and her mother were present, and also her father, Timothy Daggett, the scrivener John Holmes, and the tenant, who was at that time boarding at the house of Timothy, where Eliza also lived, and who was at the time engaged to be married to Eliza ; that the deed was prepared, signed, and acknowledged, and was thereupon given to her; that Timothy said that she was to keep the deed until they were married, or until Silas sold the land, and that whenever he sold the land he was to pay her (Eliza) the three hundred dollars named as the consideration for the deed ; that she thereupon took the deed and kept it ; that about two years afterwards the tenant asked to see the deed, and she handed it to him ; that he then asked to keep it among his own papers ; and she said she was afraid he would have it recorded ; that he said, " Do you think I would do such a thing as that?" that she then made no objection to his keeping it, and allowed him to take it and put it among his own papers; and that she did not know that he had it recorded until some time after it was done.

The tenant denied that such a transaction took place at the time of making the deed, and testified that the deed was at once

delivered to him, under a promise by him that he would not have it recorded; that Eliza afterwards obtained the same from his papers without his knowledge; that when he discovered it he got it back again and had it recorded; and that afterwards she again obtained possession of it.

The tenant also put in evidence the record of a judgment in an action of replevin brought by him against said Eliza B. Daggett. The record showed that the writ was dated June 1, 1876, and alleged that a quantity of furniture and " one deed of a cottage lot " were detained by said Eliza; that Eliza in her answer claimed certain of the articles (among which the deed was not mentioned) as her property, denied detaining the others, or that they had been in her possession, and concluded as follows: " And if the plaintiff shall show that they were in her possession, then the same was with the permission and desire of the plaintiff, and he could have taken them away when he pleased." The record further showed that in 1878 judgment was entered for the plaintiff, by agreement, for certain of the articles, including " deed of cottage lot."

It further appeared in evidence, that Silas and Eliza were never married to each other, and that they ceased to be engaged soon after the death of Timothy; that during the time of their engagement Silas had a wife living, from whom he has since obtained a divorce, and Eliza had a husband living, who is still living, and from whom she has not been divorced; though she testified that she had consulted legal counsel, and had been advised that she needed no divorce.

The tenant testified that he paid nothing for the land, but that the same was conveyed to him by Timothy upon his undertaking to build a cottage on it, so that thereby the value of Timothy's other land might be enhanced; which undertaking he, Silas, immediately carried out.

At the conclusion of all the evidence, the tenant asked the judge to rule as follows: " 1. Even if the deed was delivered as in escrow to Eliza B. Daggett, if she afterwards voluntarily surrendered the deed to the grantee and into his exclusive custody and control, then the delivery was complete, whatever misrepresentation may have been made by him to her with regard to that delivery. 2. The judgment in the suit in replevin was

conclusive, as between the parties thereto, as to the title to said deed, and the plaintiff Eliza B. Daggett was estopped thereby from asserting that she could rightfully claim to hold the said deed, as against the tenant, for any purpose whatever."

The judge refused to give any of the rulings requested, and instructed the jury, as requested by the demandants, as follows: " If the deed of Timothy Daggett was delivered to his daughter, Eliza B. Daggett, to be kept by her until the performance of any condition or conditions by Silas Daggett, the person named as grantee therein, whether the conditions were the payment of money, marriage, or any other act or event, it was not a complete deed, but in escrow only, and could not pass any title to Silas Daggett until the performance of the condition or conditions, or the happening of the event or events. If the jury are satisfied, by a fair preponderance of the evidence, that the deed was so delivered in escrow, and that the conditions or events, without the performance or happening of which it was not to be delivered, had not been performed or happened at the time the deed came into the possession of Silas Daggett, then, however he may have obtained possession of such deed, unless with the consent of the grantor, Timothy Daggett, it was void and of no effect, no title passed thereby, and a verdict should be found for the demandants."

The judge further instructed the jury as follows: " If you find that Timothy Daggett, at the time it was executed, delivered the deed to Silas Daggett, you may find a verdict for the tenant. If you find that this deed was not delivered, but was put into the hands of Eliza as an escrow, not to be delivered until the happening of one of those events, neither of which has happened, you may find for the demandants."

The jury returned a verdict for the demandants; and the tenant alleged exceptions.

*H. M. Knowlton & A. E. Perry,* for the tenant.

*H. F. May,* for the demandants.

C. ALLEN, J. 1. There was evidence, sufficient to be left to the jury, to show that the deed was delivered to Eliza merely as an escrow. The consideration mentioned in the deed was $300, but the grantee named therein paid nothing, and upon all the evidence the jury might think that the deed was not to be

delivered to the grantee until he should marry Eliza, or make a bargain with somebody for the sale of the land, and pay to her the $300 mentioned as the consideration. We cannot say that the necessary construction of her testimony implied that the deed was to take effect at once, as the present deed of the grantor to the grantee; and, the jury having found otherwise, the deed must now be considered as having been delivered merely as an escrow.

2. When a deed is delivered merely as an escrow, to take effect upon the performance of some condition by the grantee in the future, no title passes until the condition has been performed. The transaction is incomplete. It is not the grantor's deed until the second delivery. Even if the grantee obtains possession of it before the condition has been performed, yet it is not the grantor's deed, and he may avoid it by pleading *non est factum*. The grantee cannot acquire the title by gaining possession of the deed by theft, by fraud, or by the voluntary act of the depositary, but only by performance of the condition. The depositary has no authority to waive such performance, and an unauthorized delivery by him of the deed which he holds in escrow is entirely ineffectual to pass the title. *Wheelwright* v. *Wheelwright*, 2 Mass. 447, 452. *Foster* v. *Mansfield*, 3 Met. 412. *O'Kelly* v. *O'Kelly*, 8 Met. 436. *Calhoun* v. *American Emigrant Co.* 93 U. S. 124, 127. *Watkins* v. *Nash*, L. R. 20 Eq. 262. 3 Washb. Real Prop. (5th ed.) 321. In the present case, it having been found that the deed was merely an escrow, and there being no pretence that the conditions were ever performed, no title passed to the grantee by the subsequent delivery of the deed to him. The case is not like cases where the delivery of the deed is merely to await the lapse of time, or the happening of some event, not involving the performance of any condition by the grantee.

3. It being thus plain that no title passed to the grantee, the only remaining question is whether Eliza is estopped to maintain her rights by the judgment in the action of replevin, whereby he established against her his right to the possession of the deed.

In the first place, it is clear that the other demandant, Henry W. Daggett, cannot be affected by any such estoppel. He was

no party to the action of replevin. The defence of estoppel, if available against Eliza, does not extend to him.

But there is no estoppel even as to her. The title to the land could not be tried directly in the action of replevin, which lies only for personal chattels. *Brown* v. *Wallis*, 115 Mass. 156. Even though the title to land might be inquired into incidentally, for the purpose of determining the ownership of chattels, it is sufficient to say, in the present case, that it is not shown, either by the record or by parol evidence, that the title to the land was, in fact, put in issue, tried, passed upon, or in any way brought in question in that action ; and the judgment therein cannot have the effect to estop her from asserting her true title now. *Gilbert* v. *Thompson*, 9 Cush. 348. *Dutton* v. *Woodman*, 9 Cush. 255, 261. *Burlen* v. *Shannon*, 99 Mass. 200. *Hanham* v. *Sherman*, 114 Mass. 19. *White* v. *Chase*, 128 Mass. 158. *Russell* v. *Place*, 94 U. S. 606. *Cromwell* v. *Sac*, 94 U. S. 351. *Howlett* v. *Tarte*, 10 C. B. (N. S.) 813.

*Exceptions overruled.*