T. F. GARNER v. THE MILWAUKEE MECHANICS' INSURANCE COMPANY.

No. 14,494.  (84 Pac. 717.)

SYLLABUS BY THE COURT.

1. FIRE-INSURANCE—*Forfeiture Clause—Change in "Interest."* The word "interest" in the forfeiture clause of an insurance policy which provides that the policy shall become void "if any change . . . take place in the interest, title or possession of the subject of insurance" has application only where the insured owns and insures an interest less than title, and has no application where the insured owns the title.

2. ———— *Executory Contract to Convey the Property—Policy Not Affected.* Where the insured owns the title of the subject of insurance, and makes an executory contract to convey the property, and the consideration has been fully paid but no transfer either of title or possession has been actually made, no change has taken place in interest, title, or possession, within the meaning of the forfeiture clause quoted.

Error from Ford district court; EDWARD H. MADISON, judge. Opinion filed February 10, 1906. Reversed.

*Sutton & Scates,* and *F. Dumont Smith,* for plaintiff in error.

*F. J. Oyler,* and *Fyke & Snider,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff was defeated in an action on a fire-insurance policy, and to reverse the judgment he prosecutes this proceeding.

The policy contained a provision that it should become void "if any change other than by the death of an insured take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise." When the insurance was obtained the insured was the owner of the title to the property; subsequently he entered into the following contract:

"This contract and agreement, made and entered into this 16th day of June, 1903, by and between Joseph W. Baker, of Bates county, Missouri, party of the first part, and T. F. Garner, of Ford county, Kansas, party of the second part, witnesseth: That the party of the first part has this day sold to the party of the second part all his land situated in sections 4 and 5, township 39, range 30, Bates county, Missouri, consisting of 364 acres, in consideration of which the party of the second part agrees to pay to the party of the first part the sum of $10,920, to be paid as fol-

Garner v. Insurance Co.

lows: To assume the present mortgage on said land to the amount of $4800, and half of the interest on same from March 1, 1903, to date, and one livery-stable in Dodge City, Kan., with lots comprising site of same [describing them], to be valued at $6000, and thirteen head of horses, two surreys, one spring wagon, one cart, seven buggies, one farm wagon, four sets of double driving harness, one set of heavy work harness, seven sets of single harness, one side-saddle, one man saddle, and all other fixtures now a part of said stable; said chattel property to be valued at $1500.

"It is further agreed that the said second party is to loan the first party the sum of $3880, at eight per cent. per annum, to be secured by said above-mentioned livery-barn and chattels.

"Party of the first part agrees to give a clear and perfect abstract to his land, with a warranty deed to the same, subject to the above-mentioned encumbrance.

"Party of the second part agrees to give to the first party a good bond for a deed, said deed to be made when said above-mentioned loan shall be repaid; and also a good and perfect abstract to same; each party is to give immediate possession to property.

"Witness our hands and seals, this day and year above written.          (Signed)  JOSEPH W. BAKER.
    "Witness:          (Signed)  T. F. GARNER.
        G. G. Cook.
        U. S. G. Powell."

Baker deeded to plaintiff the Missouri land, which was the full consideration to be paid by him for the insured property. The plaintiff made no conveyance, nor had he delivered possession at the time the property was destroyed by fire—July 29, 1903. The defense was that by this contract a change had taken place in plaintiff's interest in the subject of insurance, which, under the condition quoted, forfeited the policy.

Forfeitures are not favored, and will never be enforced if by a reasonable interpretation of the agreement and contract of the parties they can be avoided. The provision was intended to protect the company

9—73 KAN.

against any increased hazard resulting from a change of interest, title or possession of the insured. An insurance company may contract against such a contingency, and if such provision of the contract be violated it would have the right to insist upon being released from liability. The company contracted for the care, supervision and vigilance of the assured in protecting the property from fire. This is largely its security against loss, and a disposition by the assured of all of his interest, title or possession in the property, or of such a substantial part thereof as would entirely or partially abate this diligence, would be a violation of the contract.

The word "interest" as used in the policy is not synonymous with title. It means some right different from title. It cannot mean a greater estate than title, since "title" as there used was intended to mean the entire estate. It must therefore have been used with the meaning generally attached to it when used in contradistinction to title—as "any right, in the nature of property, less than title." (Anderson's Law Dict. 562.) "In a narrower sense it was used in the English common law of real property to designate a right less than an estate." (3 Cent. Dict. 3142.) This we think is the sense in which it was used in the policy. In the interpretation of the policy this word is important. The form of the policy was intended to cover two classes of risks. There are large interests in real estate owned by persons who have neither title nor possession. The form of this policy is adapted to the insurance of such interests, as well as to the insurance of property where the insured is the owner of the title. Where the insured is the owner of only an interest in the estate the word "interest" used in the forfeiture clause has force, and any change in such interest would forfeit the policy; but where the insured is the owner of the title the word "interest" has no application. In the latter case, if any change take

place in the title the policy would become forfeited.

The insurance in the present case was procured by one owning the title; as to him only a change in the title would forfeit the policy. We do not feel inclined to follow the decision of *Gibb v. Philadelphia Fire Ins. Co.*, 59 Minn. 267, 61 N. W. 137, 50 Am. St. Rep. 405, because we do not believe that the word "interest" as used in the policy in that case, which was the same as the one we are considering, is broader than, and inclusive of, title; and because in that case it was wholly unnecessary to define "interest." After Gibb had procured the insurance he sold the insured property by a written contract, and gave possession to the purchaser, who remained in possession until the property was destroyed. This of itself was such a violation of the express terms of the policy against change of title or possession as would render the policy void.

The main contention of defendant is that the contract between Baker and Garner for the sale of the insured property, having been fully performed by Baker, is enforceable in equity against Garner; therefore, it operated as a present change of interest in the property, within the forfeiture clause of the contract. A party pleading a forfeiture must make it clear that a forfeiture has taken place; he cannot speculate upon what a court of equity would do in a given case, or anticipate its decrees, and upon an assumption that his forecast is correct ask a court to declare a forfeiture. For the purpose of finding grounds for a forfeiture courts of law will not go so far afield as to determine the enforceability of a contract in equity between parties not before it. If, however, this court should believe that specific performance of that contract could be decreed, the relief asked for by defendant would not be granted. It has been held that an executory contract to convey insured real estate does not operate as a forfeiture of the policy under a provision that it should be void "if the interest of the

assured be or become other than the entire, uncondi-
tional, unencumbered and sole ownership of the prop-
erty" (*Arkansas Fire Insurance Co. v. Wilson,* 67 Ark.
553, 559, 55 S. W. 933, 48 L. R. A. 510, 77 Am. St.
Rep. 129; *Franklin Ins. Co. v. Feist,* 31 Ind. App. 390,
68 N. E. 188), or where the condition of the policy is
that it shall be void in case "the property be sold or
transferred, or any change take place in title or posses-
sion" (*Browning v. Home Insurance Company,* 71
N. Y. 508, 27 Am. Rep. 86), or "if any change take
place in the interest, title, or possession of the subject
of insurance." (*Erb v. Insurance Co.,* 98 Iowa, 606,
613, 67 N. W. 583, 40 L. R. A. 845; *Insurance Co. v.
Tompkies & Co.,* 30 Tex. Civ. App. 404, 71 S. W. 812.)

The judgment is reversed, and the cause remanded.

All the Justices concurring.