ELIZA A. POMEROY, *Appellee,* v. THE ÆTNA INSURANCE COMPANY, *Appellant.*

No. 17,284.

SYLLABUS BY THE COURT.

1. VENDOR AND PURCHASER—*Deed in Escrow—Title Remains in Vendor.* While a deed is in escrow, awaiting the performance of conditions precedent to the delivery thereof by the vendor to the vendee, there is no change in the title or right of possession to the property although the purchaser occupies it with the consent of the vendor in anticipation of completing the contract of sale and purchase.

2. —— *Insurance—Loss while Deed is in Escrow—Vendor may Recover.* Where, in such case, the vendor has a fire insurance policy on a house situated on the premises, and the

Pomeroy v. Insurance Co.

house is destroyed by fire while so occupied and before the conditions of the escrow are performed, the hazard from fire not being increased, the right to recover on the contract of insurance is not forfeited.

3. ELECTION OF REMEDIES. Under the facts in this case the doctrine of election of remedies has no application.

Appeal from Neosho district court. Opinion filed January 6, 1912. Affirmed.

*Mulvane & Gault,* and *D. R. Hite,* for the appellant.
*H. P. Farrelly,* and *T. R. Evans,* for the appellee; *A. S. Lapham,* and *S. W. Brewster,* of counsel.

The opinion of the court was delivered by

SMITH, J.: On March 1, 1910, the appellee commenced this action to recover the sum of $1500 damages caused by the burning of a farm dwelling house upon which she had obtained a fire insurance policy issued by the appellant. The action was tried in the district court of Neosho county and judgment was rendered in her favor for the full amount claimed. To reverse this judgment the appeal is taken. The appellant assigns numerous errors, all of which assignments we have carefully considered, but only two of which we deem it necessary to discuss, being the two upon which the greatest stress is laid in the brief of the appellant.

The evidence shows that the policy contains, among others, a condition substantially as follows: If any change, other than by the death of an insured, take place in the interest of the insured in the subject of insurance, except change of occupants without increase of risk, whether by legal process or judgment, or voluntary act of the insured, or otherwise, it shall render said policy void unless the consent of the insurance company shall be endorsed on its policy in writing or such consent be evidenced by an instrument in writing added to such policy.

On the trial there was also evidence as follows: In February, 1909, prior to the fire, the appellee and her husband entered into a contract in writing with William Truitt and wife, by the terms of which the appellee agreed to sell and convey by warranty deed the 120 acres of land in Neosho county upon which the insured dwelling house was standing, and to furnish an abstract showing perfect title to the land. The consideration for the land was $8000, to pay which Truitt and wife agreed to convey and deliver a warranty deed and abstract showing perfect title to a lot in the city of Chanute, the Pomeroys to assume a mortgage of $1000 thereon. The equity of the Truitts in the town property was to be taken at $2500, and the balance of the purchase price was to be settled by the Truitts giving a coupon note secured by a first mortgage on the farm. The Pomeroys also agreed to assign the insurance on the buildings on the farm, and the Truitts were to assign the insurance on the house in the city and to pay the interest on the mortgage on the city property to the date of the final transfer of deeds. The deeds, mortgage and assignments called for in the contract were signed and placed in escrow with the contract at the time the contract was signed, awaiting the performance of the conditions. All papers were to be transferred and possession of the properties exchanged upon some date which should be agreed upon by the parties within thirty days from the date of the contract. Also, the taxes on the farm for the year 1908 were to be paid by the Pomeroys, and the taxes on the house and lot were to be paid by the Truitts. A day or two before the fire, the Pomeroys and Truitts, in contemplation of perfecting the transfer, exchanged residences, that is, the Truitts moved into the house on the farm and the Pomeroys into the house in the city. It also appears that none of the papers had been delivered by the parties who held them in escrow; that the taxes had not been paid as agreed, and that the abstracts had

either not been brought down to date or that either party had not had an opportunity to examine the abstract presented by the other. The appellant, however, contends that these facts show such a change of interest in the property insured as to avoid its obligation to pay the loss caused by the fire. The appellee, on the other hand, contends that there had been no change in her title to the property or of her right of possession thereto.

It is evident that the signing of the contract, deeds and mortgage, and the assignment of the policy, did not constitute a sale of the farm from the Pomeroys to the Truitts or of the town property from the Truitts to the Pomeroys unless all the conditions attached to the escrow had been fully performed. (*Taylor v. Thomas,* 13 Kan. 217; *Wolcott v. Johns,* 7 Colo. App. 360, 44 Pac. 675; *Daggett v. Daggett,* 143 Mass. 516, 10 N. E. 311; 16 Cyc. 577.) The undisputed evidence shows that several of the conditions had not been performed.

As to the meaning of "change of interest in the property insured," which will avoid the policy, the decision of this court in *Garner v. Insurance Co.,* 73 Kan. 127, 84 Pac. 717, is instructive. That case is quite similar to this, and the contract therein, indicating a present intention to sell and convey the title, is stronger than the contract in this case. The syllabus in that case reads as follows:

"1. The word 'interest' in the forfeiture clause of an insurance policy which provides that the policy shall become void 'if any change . . . take place in the interest, title or possession of the subject of insurance' has application only where the insured owns and insures an interest less than title, and has no application where the insured owns the title.

"2. Where the insured owns the title of the subject of insurance, and makes an executory contract to convey the property, and the consideration has been fully paid but no transfer either of title or possession has been actually made, no change has taken place in interest, title, or possession, within the meaning of the forfeiture clause quoted."

It is conceded that the appellee had full title to this property at the time the policy of insurance was procured by her thereon. If so, it must be said, following the Garner case, *supra,* that the clause in the policy relied upon to forfeit the contract of indemnity has no application whatever; that the word "interest" as used in the policy relates only to some lesser insurable interest therein than full title.

There was no transfer of the title to the land nor of the right of possession to either property to which the contract applied. Occupancy had been ,exchanged, but it seems apparent that in case of the failure or inability of either party to·comply with the conditions of sale and purchase the other could have recovered the occupancy of his own property.

The evidence shows that about ten months after the fire, and before the commencement of this action, the appellee commenced an action to foreclose the 5500-dollar mortgage, referred to in the written contract, against the Truitts. ·The petition in that action was produced in evidence and is abstracted by appellant as follows :

"    .   .   .   By this petition the defendant showed that on January 13, 1910, the plaintiff and her husband commenced an action in the District Court of Neosho County, Kansas, to foreclose a mortgage for $5,500.00 executed by Truitt and his wife, as a lien on the farm upon which the insured property was situated. In such petition the plaintiffs alleged that they had·deposited a ,warranty deed of conveyance with Johnson & Helmick, mentioned in the contract of February 23, 1909,· and the defendants William Truitt and wife had also deposited their warranty deeds. That within the time specified by the contract the abstracts were approved and that the defendants, Truitt and wife, had taken possession of the property deeded to them by. the plaintiffs, and that the plaintiffs had taken possession of the property in Chanute deeded to them by the Truitts; that no reason existed why Johnson & Helmick should not deliver the deeds respectively deposited by parties to such contract, but that though often requested so

to do, they have refused such delivery and retain possession of the deeds and abstracts and also of the mortgage; that the plaintiffs, Pomeroy and wife, had duly performed all of the conditions to be by them performed under the terms of said contract.

"As a second cause of action in the petition, Pomeroy and his wife alleged that the defendants, Truitt and wife, executed their note for $5,500.00 on March 2, 1909, and placed the same in the hands of said Johnson & Helmick for delivery to the plaintiffs, as provided in said contract; that the interest on said note was payable on the 1st of December and the 1st of June of each year; that the interest due and payable December 1, 1909, was not paid; that the said Pomeroy and his wife demanded the payment of such interest from the makers of the mortgage note, but they have failed and refused to pay; that by the terms of the mortgage failure to pay interest at the time the same became due caused the principal sum to become due at the option of the holders, and that the plaintiffs, Pomeroy and wife, had elected to declare the whole amount of said note due and payable. The prayer in the petition was that it be adjudged that Johnson & Helmick should at once deliver to the plaintiffs the documents in their hands belonging to said plaintiffs under the terms and conditions of the contract of February 23, 1909, and that it be further decreed that the plaintiffs were the owners in fact of the Chanute property. The plaintiffs further prayed for the foreclosure of the mortgage given by the Truitts and covering the premises upon which the dwelling house was situated prior to its destruction by fire."

The appellant contends that the appellee can not be entitled to recover the fire insurance and the $5500 secured by the mortgage; that having alleged in the foreclosure action that the conditions of the contract to sell and purchase had been performed, she can not be heard, in this subsequent action, to assert the contrary; also, in substance, that the appellee might claim either one of the two inconsistent causes of action but not both; that by having elected to foreclose the mortgage she is bound by her election and can not maintain this action.

Let us see if there is any inconsistency. In the fore-

closure action, *ten months after the fire,* she alleges that the conditions of the escrow have been performed and she is entitled to the delivery of the papers completing the purchase and sale; in this case she maintains that at the *time of the fire* the conditions of the escrow had not been performed and, notwithstanding the signed contract, deeds, etc., she was then the owner of the property destroyed by the fire. We see no inconsistency nor any ground for the application of the doctrine of election of remedies.

Whether or not appellee will have to pay Truitt for the house which was on the land at the time she made the contract does not interest the appellant, nor are we called upon to determine. Sufficient evidence was produced upon the trial to justify the court in finding the facts necessary to support the judgment.

We find no substantial error in the proceedings, and the judgment is affirmed.