No. 19,718.

T. HANKINS, *Appellee*, v. THE WILLIAMSBURG CITY FIRE IN-
SURANCE COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

INSURANCE—*Stipulation of Absolute Ownership—Equitable Title—Pos-
session.* A fire insurance policy upon a building containing a stipula-
tion that the policy "shall be void . . . if the interest of the in-
sured be other than unconditional and sole ownership" is not invali-
dated because of an outstanding naked legal title in another where
the insured has the equitable title, the entire beneficial ownership of
the property, and is in undisputed possession of the same.

Appeal from Douglas district court; CHARLES A. SMART,
judge. Opinion filed December 11, 1915. Affirmed.

*S. D. Bishop,* of Lawrence, and *Bruce Barnett,* of Kansas
City, Mo., for the appellant.

*W. B. Pleasant,* of Ottawa, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The decision herein turns upon the inter-
pretation of a provision in a policy of fire insurance that:
"This entire policy, unless otherwise provided by agreement
indorsed hereon or added hereto, shall be void . . . if the
interest of the insured be other than unconditional and sole
ownership."

It appears that on July 15, 1909, plaintiff purchased, with
his individual funds, a business building in Baldwin and took
the deed therefor in the name of his wife, Mary J. Hankins,
which he has always kept in his possession. Plaintiff paid the
taxes upon the property, collected the rents, made the repairs
out of his own funds, and held exclusive possession of the prop-
erty. After the purchase of the property and before the issu-
ance of the policy Mary J. Hankins died, leaving surviving
her husband, the plaintiff, and six children. In April, 1913,
plaintiff applied to one W. A. McClure, who was the agent in
Baldwin of several fire insurance companies, for a policy of
fire insurance upon the property. One of McClure's com-
panies refused the risk. Then McClure procured a policy for
$1000 in defendant company through an arrangement he had

made with defendant's agent, Henry C. Long, of Ottawa, and
plaintiff paid the premium to McClure and from him received
the policy.   On July 7, 1913, the property burned, proofs of
loss were properly made, and defendant refusing to pay the
loss, plaintiff brought this action.   On the trial of the case the
court found that McClure knew the condition of plaintiff's
title, and, further, that plaintiff did not know of McClure's
arrangement with Long to obtain policies through him and to
divide the commissions.   It was also found that the evidence
did not show that plaintiff knew of the condition of the policy
or that he had made any representation as to ownership.   The
court found against defendant company for $1045 and $150
attorney's fee and overruled its motion for a new trial.   De-
fendant appeals.

It is defendant's contention that plaintiff did not have the
"unconditional and sole ownership" of the property, and
therefore that the policy is void.   It will be observed that the
stipulation in the policy does not make the lack of legal title in
the insured a ground of invalidity nor does it provide that he
must have any deed or muniment of title.   It goes no farther
than to require that he shall have unconditional and sole
ownership.   Plaintiff not only had an insurable interest in the
property, but according to the facts in the case he held the
complete equitable title, the sole ownership and the undisputed
possession.   According to the testimony his wife was named as
grantee in the deed, with no intention to make a gift to her or
to invest her with the ownership of the property.   It was done,
as plaintiff testified, because his wife was much the younger,
and supposing that she would probably outlive him, he thought
that he could in that way provide that the property would
pass to her upon his death without the trouble and expense of
probate proceedings.   The deed was never delivered to her
nor did she ever assume to take possession of the property.
He purchased it for himself and paid for it out of his own in-
dividual funds.   He paid all taxes upon the property and made
all the improvements and repairs that were placed upon it.
She had no part in the transaction and could not have asserted
a claim of ownership as against him.   His interest or ownership
was absolute, although there was a naked legal title outstand-

ing, and any loss resulting from the destruction of the property must necessarily be his own loss. It has been said:

"One who is in undisputed possession and has the sole and entire beneficial ownership is properly described as sole and unconditional owner although the title is held in another name, if there is no fraud or concealment." (13 A. & E. Encycl. of L. 234.)

In speaking of a case where the insured was without a deed but was the real owner it was said:

"If the insured possesses the equitable title to the premises, the fact that the naked legal title is outstanding, which he has a right to compel to be transferred, will not amount to a breach of a condition that he is the owner, that his interest is absolute, or that his title is not other than sole and unconditional ownership." (19 Cyc. 692.)

(See, also, *Bonham v. Iowa Central Ins. Co.*, 25 Iowa, 328; *McCoy v. Iowa State Ins. Co.*, 107 Iowa, 80, 77 N. W. 529; *Hough v. City Fire Insurance Company*, 29 Conn. 10, 76 Am. Dec. 581; *Lebanon Mutual Ins. Co. v. Erb*, 112 Pa. St. 149, 4 Atl. 8; 2 Briefs on the Law of Insurance, Cooley, p. 1369; 2 Fire Insurance, Clement, p. 152, rule 7.)

It having been determined that the plaintiff was the sole and unconditional owner within the meaning of the contract of insurance it is unnecessary to consider the questions of agency or of waiver that have been discussed by counsel.

The judgment is affirmed.