No. 21,038.

HARBOR BUSINESS BLOCKS COMPANY, *Appellant*, V. ELIZABETH
                    GREGORY, *Appellee.*

### SYLLABUS BY THE COURT.

1. EVIDENCE—*Affidavits—Notice of Their Intended Use on Trial—Service on Nonresident.* Under section 350 of the civil code, which authorizes the use of affidavits as evidence under certain limitations, and provides that copies of such affidavits must be served upon the adverse party or his attorney at least ten days before the trial, service of copies of affidavits is sufficiently made when they are delivered to the adverse litigant personally, at his principal place of business, even although that may be outside the state.

2. DEEDS — *Deposited in Escrow—Rescission of Contract—Fraud—No Title Passes.* When deeds to real estate are deposited in escrow, to be delivered to the grantee upon completion of payment therefor, the title to the property does not pass unless full payment is made; and where the grantee has a good defense to an action for the balance due on the purchase price, based on the fraud and misrepresentation of the grantor, and rescinds the contract of purchase, no formal offer to reconvey the property is required.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed December 8, 1917. Affirmed.

*David Ritchie,* of Salina, for the appellant.

*D. M. McCarthy, J. R. White,* both of Mankato, *F. W. Mahin,* and *I. M. Mahin,* both of Smith Center, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff, a corporation doing business in California, brought this action against the defendant to recover on six promissory notes executed by her as part payment for certain town lots in Contra Costa county, California, on the east side of San Francisco Bay. The sale of the lots to defendant was effected through the fraud and misrepresentation of plaintiff's agents. It would serve no purpose to give the details of the swindle. Let it suffice to say that it was of that familiar, high-handed type which prompted the Golden State to enact its blue sky laws and its more recent legisla-

tion for the licensing and bonding of reputable real-estate agents and for the suppression of all others.

The defendant answered, setting up fraud and misrepresentation, and in a cross-petition demanded the return of certain moneys paid by her to plaintiff on account of these town-lot transactions. She prevailed.

Plaintiff appeals, and urges as error the admission in evidence of certain affidavits filed by defendant. These affidavits were procured in California by one of defendant's attorneys who went to that state seeking evidence touching the swindle which had been perpetrated on his client. His mission was remarkably successful. Several persons who knew the facts, even some who had helped to perpetrate the fraud upon Mrs. Gregory, made affidavits. These were forwarded to Jewell county, Kansas, to be filed in court as provided by statute (Civ. Code, § 350, Gen. Stat. 1915, § 7254), and upon being apprised by a telegram from his associate counsel that the affidavits were on file, the attorney who gathered the affidavits promptly served copies of them upon the plaintiff at its principal office in San Francisco.

The statute authorizing this sort of evidence reads as follows:

"An affidavit may be used to verify a pleading, prove the service of a summons, subpœna, notice or other process in an action, to obtain a provisional remedy, an examination of a witness, a stay of proceedings, or upon a motion, or in any other case permitted by law. Affidavits may also be used on the trial of an action subject to the following conditions: The affidavit shall be filed in the office of the clerk of the court and a copy thereof served on the adverse party or his attorney of record at least ten days before the day of trial. If within five days after such service the adverse party gives notice in writing that he desires to cross-examine the witness whose affidavit has been filed, or that he denies the truth of the matter stated in such affidavit, such affidavit shall not be admitted in evidence but the testimony of the witness must be given orally or by deposition. If such notice be not given, the affidavit may be read in evidence at the trial. The court may tax the costs of the attendance or deposition of any witness against a party who needlessly or unreasonably causes such costs." (Civ. Code, § 350.)

It is contended that since the statutes of this state have no extraterritorial effect, the service of copies of the affidavits on plaintiff personally in San Francisco was without effect. Counsel for plaintiff frankly admit that they can find no decided

case supporting their view of closer analogy to the one at bar
than that of *The State v. Simmons*, 39 Kan. 262, 18 Pac. 177,
where it was held that an attachment issued out of a Kansas
court did not authorize a Kansas sheriff to arrest delinquent
witnesses in another state and to bring them into the jurisdic-
tion of the state and district court. That question and the one
at bar are widely different. Service upon an adverse party to
a lawsuit of a copy of an affidavit, motion, or the like, which
has been filed in a pending case, is not in any strict sense a
writ or process of a court. If it be treated as a process at all,
it is but a minor and informal one; it is not an initial process
such as is necessary to institute an action. It will be noted
that in initial processes like the service and return of sum-
mons the code descends into details, while no such particu-
larity is specified in the matter of service of notices of mo-
tions, the filing of affidavits, and the like. The court holds
that the statute authorized the service of the copies of the
affidavits upon the adverse party personally, no matter where
it might reside.

It is argued that cases may arise where the adverse litigant
might reside so far away from the court where his cause was
pending that it would be impossible for him to give notice
within five days of his desire to cross-examine the witnesses
who made the affidavits. That class of cases can readily be
dealt with in the exercise of the trial court's judicial discre-
tion as they arise, and doubtless the trial court would continue
the case where justice required it so that the witnesses could
be cross-examined. That is what the court did in the case at
bar. When the sufficiency of the service of copies of the affi-
davits upon the plaintiff in San Francisco was challenged,
the trial court continued the cause so that the depositions of
the witnesses might be taken formally, and they were so taken.

Another error urged by plaintiff was based upon the insuffi-
ciency of defendant's tender of the return of the papers, deeds,
etc., deposited in escrow in San Francisco, to effect a rescis-
sion of the contract. It is insisted that a reconveyance of the
town lots by defendant was necessary. We think not. The
deeds to the property were not delivered to defendant. They
were not to be delivered to her until she had paid the promis-
sory notes sued on in this action. The conditions of the escrow

so provided. The title did not pass, and hence no formal reconveyance by deed was required. (*Roberts v. Mullenix,* 10 Kan. 22; *Pomeroy v. Insurance Co.,* 86 Kan. 214, 120 Pac. 344.) (See, also, *Baker v. Snavely,* 84 Kan. 179, 114 Pac. 370; 16 Cyc. 578; 10 R. C. L. 627, 628.) Under the circumstances of this case, even if there had been no conditional deposit of the deeds in escrow but a direct delivery to the defendant, her written notice to plaintiff, repudiating and rescinding the contract for fraud and deceit and offering "to do all things necessary to effect the return to you of the deeds," etc., "together with all things of value received by me in such transaction," was sufficient. (*Thayer v. Knote,* 59 Kan. 181, 52 Pac. 433; *Klingman v. Gilbert,* 90 Kan. 545, 554, 135 Pac. 682.)

The judgment is affirmed.