No. 22,955.

J. L. STRICKLER et al., *Appellants*, v. J. W. STANFORD, *Appellee.*

SYLLABUS BY THE COURT.

OIL AND GAS LEASE—*Assignment—Misrepresentations by Assignor.* An action will lie to recover the consideration paid for the assignment of an oil and gas lease on the ground of misrepresentation by the assignor as to the character of the lease.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed May 7, 1921. Reversed.

*Chester Stevens,* of Independence, for the appellants.

*T. H. Stanford,* and *L. G. Seacat,* both of Independence, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appeal is from an order sustaining a demurrer to the petition.

The action was one to recover the consideration paid for the assignment of an oil and gas lease on the ground of misrepresentations as to the character of the lease. The lease was executed in 1915 by Ole Errickson and wife, as lessors, and granted to H. D. Hoover all the oil, gas and minerals found in and under the premises, together with the right to enter thereon for the purpose of drilling, and the right to erect and maintain machinery and structures to develop and remove such minerals. In January, 1918, the defendant, who had taken an assignment of the lease from Hoover, sold and assigned the lease to the plaintiffs. The assignment was in the usual form. It acknowledged the consideration, recited that the undersigned was the present owner of the lease and all rights thereunder, and that he sold, assigned and conveyed his interest in the lease subject to the terms therein, together

with the leasehold, to the plaintiffs, covenanting for himself, his heirs, successors and representatives, "that he has good right and authority to sell and convey the same and that all rentals and royalties due and payable thereunder have been duly paid."

The particular averments of the petition upon which the case turns are these: As consideration for the assignment of the lease the plaintiffs paid to the defendant the sum of $1,600; at the time of the bargain for the purchase of the lease, defendant represented to them that it was a valid and subsisting lease and was a good commercial lease, and told them that no abstract was needed to show that the lease was as represented; subsequently plaintiffs learned that the Erricksons, the lessors, owned merely a life estate in the premises; defendant knew that the Erricksons were without authority to execute and deliver a lease conveying any interest in the oil or gas in or under the lands, and knew that the plaintiffs were not, by the assignment, obtaining a good, valid and subsisting commercial lease, and that by virtue of the lease, they would acquire no authority to enter upon the land for the purpose of exploring or operating for oil, gas or minerals.

The defendant argues that the written lease merged all oral negotiations and contracts on the subject prior to and contemporaneous with its delivery; that the substance of the contract between himself and plaintiffs was that he had good right and authority to sell and convey the lease, and that all rentals and royalties due thereunder had been paid; that there was no express covenant in his assignment that the Erricksons had the right and authority to execute the lease; that all the defendant sold, and all plaintiffs purchased, was the defendant's interest in the lease; that, in effect, the assignment is a quitclaim deed. It is insisted, too, that the petition is defective because it is silent as to whether the records of Greenwood county, where the lease was recorded, would show the existence of only a life tenancy in the Erricksons.

We think the defendant misconceives the nature of the action. Plaintiffs do not sue on the written contract, but upon an oral agreement to sell them a good, valid, subsisting, commercial lease; and they charge that defendant, well knowing

Strickler v. Stanford.

the facts with reference to the defective title of the Ericksons, misrepresented the facts, and that plaintiffs did not get the kind of a lease he agreed to sell them.

It is settled in this state that a lease conveying the oil, gas and minerals found in and under lands, together with the right to enter upon the land and remove the same, is a conveyance of a part of the realty. (*Zinc Co. v. Freeman*, 68 Kan. 691, 75 Pac. 995, and cases cited in the opinion.) In *Marshall v. Mellon et al.*, 179 Pa. St. 371, it was held that a tenant for life has no right to operate for oil or gas or to make an oil or gas lease unless operations were commenced before the life estate accrued.

In *Carpenter v. Wright*, 52 Kan. 221, 34 Pac. 798, there was a fraudulent representation that a tract of land was free and clear of incumbrance. The purchaser relied upon the representations and was thereby induced to purchase the land when in fact it was subject to a valid mortgage. It was held that although the injured party might have discovered the incumbrance by a search of the public records, an action might be maintained to recover for the damages sustained by reason of the fraudulent representations.

The plaintiffs can maintain the action without tendering a return of the lease. See *Klingman v. Gilbert*, 90 Kan. 545, 135 Pac. 682, holding that a formal tender of a deed is not a condition precedent to the right to maintain such an action. To the same effect is *Business Blocks Co. v. Gregory*, 102 Kan. 33, 169 Pac. 191.

The petition stated a cause of action, and the judgment will be reversed and the cause remanded with directions to overrule the demurrer.