No. 24,920.

O. B. Dow, *Appellee,* v. Firemen's Insurance Company of Newark, New Jersey, *Appellant.*

SYLLABUS BY THE COURT.

1. Fire Insurance—*Vendor and Purchaser—Contract for Sale of Land—Contract and Deed in Escrow—Title Remains in Vendor Awaiting Performance by Vendee.* While a deed is in escrow, awaiting the performance of conditions precedent to the delivery thereof by the vendor to the vendee, there is no change in the title or right of possession to the property, although the purchaser occupies it with the consent of the vendor in anticipation of completing the contract of sale and purchase.

2. Same—*Loss While Deed is in Escrow—Vendor May Recover.* Where, in such case, the vendor has a fire insurance policy on a house situated on the

premises, and the house is destroyed by fire while so occupied and before the conditions of the escrow are performed, the hazard from fire not being increased, the right to recover on the contract of insurance is not forfeited— following *Pomeroy v. Insurance Co.*, 86 Kan. 214, 120 Pac. 344.

Appeal from Woodson district court; ROBERT E. CULLISON, judge. Opinion filed January 12, 1924. Affirmed.

*Robert Stone, George T. McDermott, Robert L. Webb,* and *Beryl R. Johnson,* all of Topeka, for the appellant.

*G. H. Lamb,* and *W. E. Hogueland,* both of Yates Center, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover on a policy of fire insurance. A demurrer by the defendant to plaintiff's petition was overruled and defendant appeals.

The petition recited the issuance of the policy and that the property was burned. The policy had the usual terms and conditions of the standard fire insurance policy and contained this clause:

"This entire policy shall be void unless otherwise provided by agreement in writing added hereto (a) if the interest of the assured be or become other than entire unconditional, unincumbered and sole ownership."

The petition also set out a sale contract entered into between the insured and Earl Dulinsky which recited the consideration: part payment of $200 and balance to be paid $10 per month with interest; that the contract with deed and abstract was to be deposited in a bank, the buyer not to be entitled to the deed and abstract until the agreement had been fully complied with, the buyer reserving the right to pay the balance due in full at any time; the buyer to have sixty days grace to make payments and if not complied with, the buyer to give peaceful possession to the seller and the seller to retain all payments as liquidated damages. The contract contained these provisions:

"The payment of said deferred payments, and the interest thereon, and of said taxes and insurance, is at the option of the party of the second part, and he shall be under no legal obligation to pay the same . . . No title shall pass hereby to second party, but the same shall remain in first party until all the foregoing conditions have been by second party fully complied with."

Did plaintiff's sale contract forfeit his insurance?

In *Pomeroy v. Insurance Company*, 86 Kan. 214, 120 Pac. 344, it was said:

"While a deed is in escrow, awaiting the performance of conditions precedent to the delivery thereof by the vendor to the vendee, there is no change

in the title or right of possession to the property although the purchaser occupies it with the consent of the vendor in anticipation of completing the contract of sale and purchase.

"Where, in such case, the vendor has a fire insurance policy on a house situated on the premises, and the house is destroyed by fire while so occupied and before the conditions of the escrow are performed, the hazard from fire not being increased, the right to recover on the contract of insurance is not forfeited." (Syl. ¶¶ 1, 2.) ·

The so-called contract of sale between the plaintiff and Dulinsky could hardly be said to have been more than an option under and by virtue of which Dulinsky could purchase the property. The language of the contract stated as much in plain terms. Under the circumstances there was no change of interest in the premises by virtue of the contract. Upon failure to pay the money as therein provided, the possession which Dulinsky had obtained under the contract, reverted to the plaintiff, and Dulinsky had no further interest in the property. The option which he held did not create an interest in him, within the meaning of the clause used in the policy of insurance. (See, *Garner v. Insurance Co.*, 73 Kan. 127, 84 Pac. 717; *Hillyard v. Banchor*, 85 Kan. 516, 118 Pac. 67; *Walton v. Phœnix Ins. Co.*, 61 Mo. App. 316; *Mackintosh v. Agricultural Fire Ins. Co.*, 150 Cal. 440; Note 107 Am. St. Rep. 99; also note 124 Am. St. Rep. 439; *Hankins v. Insurance Co.*, 96 Kan. 706, 153 Pac. 491.)

The demurrer was properly overruled. The judgment is affirmed.