No: 25,483.

IRA M. FULLER, *Appellee*, v. THE UNITED STATES FIRE INSURANCE COMPANY, *Appellant.*

SULLABUS BY THE COURT.

1. FIRE INSURANCE—*Terms of Policy*—"*Loss if any . . . Payable to Mortgagee*"—*Liability of Insurance Company to Mortgagee.* Where an application for insurance provided, "Loss, if any, on buildings payable to I. M. Fuller, mortgagee, as his interest may appear," and where a copy of the application was attached to the policy issued on such application, and the insurance company received the premium for the policy issued, it was liable to the mortgagee for the loss specified in the policy.

2. SAME—*Property Sold*—*Loss while Deed was in Escrow*—*Title to Property Still in Vendor.* Before the loss occurred the owner of the property insured placed in escrow a contract of sale and deed to the property. The papers so deposited were not delivered until after the loss occurred. *Held,* that the owner had not transferred his title to or his interest in the property or the policy.

3. SAME—*Attorney's Fee Recoverable.* Under the facts related in the opinion, it was not error to award a reasonable attorney's fee to the plaintiff.

4. SAME. Other alleged errors considered, and held to be without substantial merit.

Appeal from Allen district court; ROBERT E. CULLISON, judge. Opinion filed December 6, 1924. Affirmed.

*Charles H. Apt,* and *Frederick G. Apt,* both of Iola, for the appellant.

*Oscar Foust, John W. Brown,* and *Kenneth H. Foust,* all of Iola, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover on a policy of fire insurance. Plaintiff prevailed and defendant appeals.

The case was tried on an agreed statement of facts, which among other things, recited that the defendant was a New York corporation; that on May 1, 1921, O. W. Terrell, who was the owner of a frame house on real estate therein described, and located in Oklahoma, made application to the defendant for a policy of insurance, payable to himself, as owner, and to plaintiff, I. M. Fuller, as mortgagee, "as his interest might appear"; that the defendant, in compliance with the application, issued its policy in a sum not to exceed $900 (a copy of the policy was attached and made a part of the statement of facts); that on November 20, 1920, the plaintiff had sold the real eestate to O. W. Terrell, taking a mortgage back for the sum of $5,000; that the mortgage and interest thereon are wholly unpaid; that on November 25, 1921, Terrell entered into a contract to sell the property to one Hofman; that on December 5, 1921, Terrell executed a deed to the property to Hofman and placed the same in escrow; that the deed was delivered to Hofman on January 10, 1922, and recorded January 12; that possession of the premises was given to Hofman February 2; that on January 5, 1922, the house covered by the policy was totally destroyed by fire; that Terrell made a claim for loss under the policy on February 21, 1922, in the sum of $877.17; that in his claim he stated that he was the owner of the property, subject only to the interest of Fuller, the mortgagee, that the adjusters investigated Terrell's claim and informed him on February 22, 1922, that the records showed that he was not the owner of the property; that Terrell and the adjusting company agreed that the value of the house covered by the policy was $817; that defendant has not paid any sum under the policy and has refused to make payment upon the claim submitted; that the statutes of Oklahoma, in so far as they are applicable, may be considered as evidence in the case.

On November 23, 1923, the trial court filed a written memorandum including findings of fact substantially as above enumerated, and concluded therefrom that plaintiff was entitled to recover $837.32 and a reasonable attorney's fee in the sum of $150. Judgment was rendered accordingly.

The defendant contends that the court erred in holding that the plaintiff could sue and maintain a cause of action on the policy; that the policy was written for the benefit of Terrell; that it does not provide for the payment of the loss to the plaintiff; that the contract of insurance is a personal one made by the company with the owner Terrell and was for his benefit alone. The contention is not sound. The application on which the policy was issued provided for payment to the plaintiff, as mortgagee, "as his interest might appear." Attached to the policy issued to him was a copy of the application on which appeared, "Loss, if any, on buildings payable to I. M. Fuller, mortgagee, as his interest may appear." This was a sufficient compliance with the requirement of the policy which reads: "Note: To secure mortgagee, if desired, the policy should be made payable on its face to such mortgagee, as follows: Loss, if any payable to John Doe, mortgagee," when considered in connection with the facts that the defendant issued its policy on the application and accepted the premium in payment therefor.

There is no dispute as to the loss, either as to the time of the fire or the value of the property insured. It was conceded that the defendant's adjuster, pursuant to proof of loss, investigated the premises and agreed that the actual loss was $817. A mortgagee is a proper party to prosecute an action for loss sustained under a policy of insurance where the policy provides that loss, if any, shall be payable to such mortgagee "as his interest may appear." (See *Insurance Co. v. Coverdale,* 48 Kan. 446, 29 Pac. 682; *Bank v. Insurance Co.,* 91 Kan. 18, 137 Pac. 78; *Stamey v. Assurance Co.,* 93 Kan. 707, 150 Pac. 227; *Jones v. Insurance Co.,* 94 Kan. 235, 146 Pac. 354; 14 R. C. L. 1427, 1428; 26 C. J. 485.)

The defendant contends that there was no proof that Terrell was the sole and unconditional owner of the property. It quotes various sections of the statutes of Oklahoma and argues that their application to the policy in question precludes plaintiff's recovery. Plaintiff, on the other hand, argues that the Oklahoma statutes were not in evidence and therefore that their provisions cannot be invoked. The agreed statement of facts recited that "the statutes of the state of Oklahoma, in so far as they are applicable, may be considered as evidence in this case." In the sections quoted by the defendant nothing is pointed out that would change the rule prevailing in this state. Terrell, on November 25, 1921, entered into a contract to sell

the property. On December 5 he executed a deed and placed it in escrow. On January 5 the property was destroyed by fire. On January 10 the deed was delivered, afterwards recorded and possession of the property afterwards given. While the deed was in escrow awaiting the performance of conditions precedent to its delivery, there was no change of title which would prevent recovery on the policy. (*Garner v. Insurance Co.*, 73 Kan. 127, 84 Pac. 717; *Pomeroy v. Insurance Co.*, 86 Kan. 214, 120 Pac. 344; *Ellis v. Insurance Co.*, 108 Kan. 467, 196 Pac. 598; *Dow v. Fire Insurance Co.*, 115 Kan. 190, 221 Pac. 1112.)

It is contended that the court erred in allowing an attorney's fee. The sections of the Oklahoma statute quoted by defendant contain no reference to attorneys' fees. The laws of other jurisdictions are presumed to be the same as ours, and under our statute an allowance of attorneys' fees was proper. (R. S. 40-416, and cases cited.)

The judgment is affirmed.